IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ECS Claims Administrators, Inc.** | : | **CIVIL ACTION** |
| 520 Eagleview Blvd. | : | |
| Exton, PA 19341 | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| v. | : | |
| | : | |
| **PNGTS Operating Co. LLC** | : | |
| One Harbour Place | : | |
| Portsmouth, NH 03801 | : | |
| | : | |
| **Defendant.** | : | **No. 02-** |

**COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiff ECS Claims Administrators, Inc., by its undersigned attorneys, moves this court for a Declaratory Judgment pursuant to 28 U.S.C § 2201, and avers in support thereof:

**Parties**

1.  Plaintiff ECS Claims Administrators, Inc. (hereinafter "ECS") is a corporation organized and existing under the laws of the Commonwealth of Pennsylvania, with its principal place of business at the Pennsylvania location set forth above. At all times material hereto, ECS provided claims administration services to insurance companies including, but not limited to, the Reliance Insurance Company of Illinois (hereinafter "Reliance").

2.  Defendant PNGTS Operating Co. LLC (hereinafter "PNGTS") is, upon information and belief, a corporation organized and existing under the laws of the Commonwealth of Massachusetts, with its principal place of business as set forth above in the State of New Hampshire.

76571.1

## Nature of the Action

3. This is an action pursuant to 28 U.S.C. § 2201 for a declaratory judgment declaring the rights and obligations as between ECS and PNGTS in connection with a claim ("the Claim") submitted by PNGTS under an insurance policy issued to PNGTS by Reliance, for whom ECS acted as agent and claims administrator. The claim is alleged by PNGTS to have a value in excess of $30,000,000.

4. In particular, ECS seeks a declaration that its administration and handling of the Claim provide no basis for a recovery of damages by PNGTS against ECS.

5. Reliance, which is based in Philadelphia, Pennsylvania, is not a party herein because it is currently in liquidation under the auspices of the Pennsylvania Insurance Department and its joinder would likely result in a stay of this action, thereby impeding the declaration that is sought. However, since Reliance was ECS's principal in this matter and PNGTS alleges a conspiracy between ECS and Reliance in connection with Reliance's liquidation and the handling of the Claim, Reliance employees and agents will undoubtedly play a significant role as witnesses to these proceedings.

## Jurisdiction and Venue

6. This Court has jurisdiction over the claims herein pursuant to 28 U.S.C. § 1332(a)(1) because the amount in controversy exceeds $75,000 and there is complete diversity of citizenship between the plaintiff and the defendant.

7. Venue is proper in this District pursuant to 28 U.S.C. § 1391(a)(2) because a substantial part of the events or omissions giving rise to this claim occurred in the Eastern District of Pennsylvania. PNGTS submitted the Claim for coverage to ECS at its office in Exton, Pennsylvania. PNGTS thereafter submitted extensive materials to ECS in Pennsylvania, and

communicated with ECS representatives in Pennsylvania regarding the Claim. ECS investigated and monitored the Claim from Pennsylvania. PNGTS also sent its demand for damages in this matter to ECS in Pennsylvania. The Reliance office and officials involved with the Claim are also based in the Eastern District of Pennsylvania.

8. PNGTS knew, at the time it negotiated and received the Reliance policy at issue, that any claim it submitted under the policy would be investigated on Reliance's behalf by ECS in Pennsylvania. PNGTS and/or those acting on its behalf engaged in extensive negotiations for the placement of the policy with persons and entities located in Pennsylvania, as well as the additional activities mentioned above in connection with their submission of the claim. This court therefore has jurisdiction over the person of PNGTS.

**Facts**

9. On or about June 4, 1999, PNGTS submitted the Claim to ECS, seeking coverage under a Contingent Professional and Environmental Liability Policy #NTU1632912 (the "Policy") issued by Reliance to PNGTS for the period December 29, 1997 to March 1, 1999. The Policy covered, subject to its terms, conditions and exclusions, claims for acts, errors, and omissions in the rendering of professional services.

10. PNGTS sought coverage for claims asserted in a Demand for Arbitration (the "Demand") served on PNGTS by its general contractor, Bechtel Corporation ("Bechtel").

11. After reviewing the Policy and the allegations of the Demand, ECS and Reliance determined that there was a possibility that one of the claims might have arisen from acts, errors, or omissions in professional services. Therefore, Reliance agreed through its agent ECS to begin reimbursing PNGTS for defense costs associated with the arbitration. However, again through its agent ECS, Reliance specifically reserved its rights to deny coverage entirely and to withdraw

3

76571.1

the defense if it became clear that Bechtel's claims against PNGTS were not covered under the Policy. Reliance permitted PNGTS to appoint defense counsel of its choosing and ultimately reimbursed defense costs in excess of $1.3 million.

12. ECS, as Reliance's agent and claims administrator, monitored the arbitration proceedings on Reliance's behalf, and attended Bechtel's entire presentation. Upon conclusion of Bechtel's presentation, ECS determined that Bechtel had not offered any evidence of acts, errors, or omissions in professional services on behalf of PNGTS. To the contrary, ECS (and thereafter Reliance) concluded that Bechtel's claims and evidence in support thereof were based on breaches of contract by PNGTS, which were not covered under the Policy. Accordingly, by letter dated April 18, 2001, Reliance, through the law firm of Hill & Barlow, denied coverage of Bechtel's claims and withdrew its defense. (A copy of the April 18, 2001 letter is attached hereto as Exhibit A.)

13. Thereafter, on information and belief, PNGTS presented its defense in the arbitration. It continued to be represented by its chosen counsel, who had handled the proceedings throughout the entire arbitration. On July 31, 2001, the arbitrators issued an award to Bechtel of $32,121,756.91, which was later reduced to $30,625,000. By letter dated August 27, 2001, PNGTS objected to Reliance's denial of coverage and withdrawal of defense and demanded coverage of the arbitration award. (A copy of the August 27, 2001 letter is attached hereto as Exhibit B.) PNGTS demanded a response by September 14, 2001.

14. On September 13, 2001, Reliance, through its counsel Hill & Barlow, replied to PNGTS's letter, defending Reliance's coverage position and again explaining why coverage under the policy was not warranted. The letter also informed PNGTS that Reliance would reconsider its position if PNGTS provided further evidence of a covered claim. (A copy of the

4

September 13, 2001 letter is attached hereto as Exhibit C.)  PNGTS did not respond to the letter or to the request for more information.

15.     In its September 13, 2001 letter, Hill & Barlow also reminded PNGTS of Reliance's ongoing rehabilitation, of which Reliance and ECS had previously notified PNGTS. On October 3, 2001, Reliance, which had been in rehabilitation since May 29, 2001, was placed in liquidation.

16.     After a delay of more than seven months, by letter dated March 15, 2002, PNGTS demanded damages against ECS for ECS's handling of the Claim.  (A copy of the March 15, 2002 letter is attached hereto as Exhibit D.)  Specifically, the letter states that PNGTS seeks damages for "ECS's improper and wrongful conduct in the management and handling of PNGTS's claim for coverage arising from the Project, which conduct constitutes, among other things, unfair and deceptive business practices, fraud, bad faith, civil conspiracy, negligence and other tortious violations of the law."  The letter further contends that PNGTS was somehow damaged as a result of an alleged conspiracy between Reliance and ECS whereby rather than denying coverage outright, Reliance and ECS provided a defense, paid over 1.3 million dollars in legal fees and expenses to PNGTS, spent time and resources monitoring the matter and delayed the withdrawal of a defense and denial of coverage until Reliance was in rehabilitation and not subject to a challenge or likely recovery.

17.     By letter dated April 18, 2002 (copy attached as Exhibit E), ECS responded to PNGTS, questioning PNGTS's failure to respond to the September 2001 offer of Reliance to reconsider Reliance's coverage position.  In its letter, ECS maintained that there was no basis whatsoever for a claim against ECS and suggested this was a transparent attempt to bring a claim against a solvent entity because of Reliance's bankruptcy.

5

76571.1

18. Subsequent to the exchange of letters, ECS made a good faith effort to resolve the dispute with PNGTS but to no avail. On May 15, 2002, PNGTS's lawyers reiterated their demands. (A copy of the May 15, 2002 letter is attached as Exhibit F.)

## CAUSE OF ACTION

### Declaratory Judgment

19. An actual controversy exists between the parties. Specifically, PNGTS demands damages from ECS, including payment of arbitration defense costs, the arbitration judgment, treble damages, and attorneys' fees. ECS maintains that its handling of the Claim was proper in all respects and that PNGTS has no basis for damages. ECS was the agent of Reliance and acted at the direction of Reliance in its handling of the Claim. ECS maintains that PNGTS's demand is a transparent attempt to avoid Reliance's insolvency. There was no conspiracy between ECS and Reliance. The parties have been unable to resolve this dispute and require the assistance of the Court.

WHEREFORE, ECS requests that the Court enter a judgment declaring that PNGTS has no basis for a claim against ECS and that PNGTS is not entitled to damages from ECS in connection with ECS's handling of the Claim.

Respectfully submitted,

Wilson, Elser, Moskowitz, Edelman & Dicker LLP

Dated: May 30, 2002

By: _____
Jonathan Dryer
Pa. Attorney I.D. No. 34496
The Curtis Center, Suite 1130E
Philadelphia, PA 19106
(215) 627-6900

**Of Counsel:**
Charles Platto, Esq.
Law Offices of Charles Platto, Esq.
8 Beaver Meadow Road
P.O. Box 1111
Norwich, Vermont 05055
(802) 649-8400

76571.1